IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| PACIFIC SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 2:07CV00068-AAA |
| v. | ) ) | |
| ROBERT ALTMAN and OGLETHORPE BANK, | ) ) ) | |
| Defendants, | ) ) | |
| FILES INSURANCE AGENCY, INC. and CONNIE DIANE FILES, | ) ) ) | |
| Intervenors. | ) | |

## SETTLEMENT MEMORANDUM

COME NOW FILES INSURANCE AGENCY, INC. and CONNIE DIANE FILES, and file this Settlement Memorandum pursuant to the Court's Order, and prior to the January 31, 2008 Settlement Conference to be conducted between the parties beginning at 10:00 a.m.

Prior to the forming of Files Insurance Agency, Inc. by Fred Files, his wife, Connie Diane Files, was employed by an insurance agency in Brunswick, Georgia. While working in that employment, Connie Files met Sara Altman, the wife of Robert Altman. Sara Altman worked with her husband in the home building business, and in her own employment as a real estate sales agent. Sara Altman

handled many of the insurance arrangements necessary for the operation of Robert Altman's home building business.

After the formation of Files Insurance Agency, Sara Altman came to Connie Files to purchase certain insurance. One such policy was for the coverage of the home under construction located at 144 Harbour Pointe Drive, Brunswick, Georgia.

An application for an insurance policy was made to Pacific Specialty Insurance Company (hereinafter "PSIC") on December 23, 2006. That application included information which Connie Files understood from Sara Altman to be accurate concerning the dwelling under construction intended to be insured. The application process occurred over the holiday period at the end of the year 2006.

Connie Files had binding authority for PSIC. The application was submitted, and a policy was in force (yet subsequently issued) when, on December 26, 2006, the home under construction suffered fire damage.

An ordinary and usual investigation was conducted after the fire, but no payment was made by PSIC for the loss suffered by the Altmans. The initial premium for the policy coverage was provided from the Files Insurance Agency to PSIC. The policy was cancelled in September 2007 for the failure to pay additional premiums due. The policy was not at any time cancelled, nor rescinded. Neither was the premium paid on behalf of the Altmans returned by PSIC.

Numerous issues have arisen between the parties on the facts of the matter, with a dispute existing as to whether or not Sara Altman provided the information Connie Files testified she provided prior to Files' filing of the application with PSIC.

A second phase of dispute, among others, is the amount of damage incurred by the Altmans. The lot upon which the house was constructed, and what remained of the house after the fire were sold. Even just after the fire, a dispute existed as to the extent of the damage. Therefore, if any party may be responsible to the Altmans for their loss, an issue remains as to the amount of damages the Altmans have suffered. The face amount of the policy was $389,000.

The Altmans contend they relied upon Connie Files and Files Insurance Agency to issue the correct policy coverage for builder's risk during the construction of the home. Connie Files contends, based upon the information provided by Sara Altman, she verified with PSIC the policy she underwrote was appropriate for the risk. However, Sara Altman contends the information Connie Files said was furnished to her by Altman was not.

PSIC contends the information furnished to it was not accurate concerning the status of the home; particularly, the representation the home would be occupied in the near future (ten days), and would be the occupied dwelling of the Altmans.

Factual issues as well exist as to what PSIC undertook to do in terms of issuing the policy, and whether any loss should have been paid, or alternatively, the policy cancelled and rescinded immediately upon the carrier gaining knowledge of what it contends to be the facts which defeated its coverage.

The parties mediated this case on September 5, 2007, but were unable to reach a resolution.  Settlement negotiations continued unsuccessfully thereafter.

This 29th of January, 2008.

        Respectfully submitted,

        SWIFT, CURRIE, MCGHEE & HIERS, LLP

        */s/ M. Diane Owens*
        M. DIANE OWENS
        Georgia State Bar No. 557490
        JAMES T. McDONALD, JR.
        Georgia State Bar No.  489400
        Attorneys for Intervenors

1355 Peachtree Street, N.E. , Suite 300
Atlanta, GA   30309-3231
(404) 888-6102

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **Settlement Memorandum** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

> David Whitworth
> Whitworth Law Firm, P.C.
> Suite A, Gloucester Square
> 1801 Gloucester Street
> Brunswick, GA  31521-1055
>
> Paul W. Burke
> Drew Eckl & Farnham LLP
> P. O. Box 7600
> Atlanta, GA  30357-0600

This 29th day of January, 2008.

> */s/ M. Diane Owens*
> M. DIANE OWENS
> Georgia State Bar No. 557490
> JAMES T. MCDONALD, JR.
> Georgia State Bar No. 489400
> Attorney for Intervenors

Swift, Currie, McGhee & Hiers, LLP
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia  30309
(404) 888-6102

1887221v.1